Gale v. The State.

## O. T. GALE v. THE STATE.

CRIMINAL LAW. *Breaking into house with intent to commit a felony.* If two persons break into a house, one with intent to commit a felony and another with an innocent purpose, the party having the intent to commit a felony is guilty without reference to the secret purpose which the other party may have had.

### FROM ANDERSON.

Appeal in error from the ·Circuit Court of Anderson County.    D. K. YOUNG, J.

J. C. J. WILLIAMS for ·Gale.

WALTER M. COCKE for the State.

COOKE, J., delivered the opinion of the court.

The defendant was convicted of house-breaking under the act of 1871, new Code, section 5438. The proof amply sustains the verdict. Upon his trial below he relied upon the defense of insanity. The court charged the jury, among other things not excepted to, that the question of the sanity or insanity of the defendant is one of fact to be determined by them, which they would do from all the facts and circumstances of the case. If they should be of opinion from the proof, that at the time the offense was committed, the defendant had sufficient capacity to know right from wrong, and that he had enough of reason to know that what he was doing was wrong, he would be responsible ·.

But on the other hand if they found from the proof, that at the time the offense was committed, the defendant by reason of the absence of intellect or impaired or diseased intellect, did not have sufficient capacity to know right from wrong and did not have enough of reason to know that what he was doing was wrong, he would not be responsible, and they ought to acquit him. That they would, in the light of their common sense, look at all the facts and circumstances bearing upon the mental condition of the defendant, and when they had done so if they had any reasonable doubt as to whether the defendant, at the time of the commission of the offense with which he was charged, had sufficient capacity to enable him to know right from wrong, they ought to acquit him.

The charge upon this subject we think was substantially correct: *Stewart* v. *The State*, 1 Baxt., 178. There were several specific instructions upon this subject requested by the defendant which we deem it unnecessary to notice further than to say that none of them were correct, except as to such portions of them as are contained in the original charge, and it was not error in the court to refuse them in the form in which they were presented.

It was shown by the proof that another person was present with the defendant engaged in the breaking who had no intention of committing a felony, but this want of intention upon the part of the other person was unknown to the defendant, whose object was to rob the safe in the house of money which it was supposed to contain. The court instructed the jury

upon this subject: "That if the defendant was there for an . innocent purpose he would not be guilty, but if he was there for the purpose of breaking and entering, and with the intent of committing a felony after he got in, he would be guilty."

This was correct. All parties present, aiding and abetting, etc., are principals, and the purpose or intent of the defendant in breaking and entering the house would determine the guilt as to him, without reference to the secret purpose which . the other party may have had.

We see no error in the record and the judgment must be affirmed.